IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LAN TU TRINH,<br>        Plaintiff,<br><br>v.<br><br>CITIZEN BUSINESS BANKING AND<br>VANESSA M. BARBETTI,<br>        Defendants. | CIVIL ACTION<br><br><br><br>NO. 18-1662 |

FILED
MAY 29 2019
KATE BARKMAN, Clerk
By_____Dep. Clerk

## MEMORANDUM OPINION

Plaintiff Lan Tu Trinh brings suits against Defendants Citizen Business Banking and Vanessa M. Barbetti for claims stemming from the withdrawal of funds from LT International Beauty School, which Plaintiff owns. ECF No. 15. Defendants now move for summary judgment, and assert, *inter alia*, that subject matter jurisdiction does not exist. Because the federal courts are "courts of limited jurisdiction," *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005), "[i]t is fundamental that federal courts must have subject matter jurisdiction before reaching the merits of a case," *GBForefront, L.P. v. Forefront Mgmt. Grp., LLC*, 888 F.3d 29, 34 (3d Cir. 2018). Accordingly, before reaching the merits, the Court must determine whether it has subject matter jurisdiction to hear this case.

Federal courts have subject matter jurisdiction over two types of cases: federal question cases and diversity cases. *Exxon Mobil*, 545 U.S. at 552.

Federal question jurisdiction exists in "civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. To establish federal question jurisdiction, "the party asserting jurisdiction must satisfy the 'well-pleaded complaint rule,' which mandates that the grounds for jurisdiction be clear on the face of the pleading that initiates the case." *Goldman v. Citigroup Glob. Markets Inc.*, 834 F.3d 242, 249 (3d Cir. 2016) (quoting *Franchise*

*Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 9-11 (1983)). Here, Plaintiff's complaint asserts that Defendants improperly withdrew funds from her account without her signature or authorization. She does not invoke any federal precept of law, nor is any federal question apparent from the face of the complaint. Thus there is no basis to find federal question jurisdiction.

Diversity jurisdiction exists in civil actions between citizens of different States, between U.S. citizens and foreign citizens, or by foreign states against U.S. citizens where the amount in controversy exceeds $75,000. 28 U.S.C. at § 1332. Complete diversity is required, meaning that "every plaintiff must be of diverse state citizenship from every defendant." *In re Briscoe*, 448 F.3d 201, 215 (3d Cir. 2006). A corporate defendant is deemed a citizen of its state of its incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c). Where "diversity of citizenship [has] been adequately pleaded by the plaintiff, the defendant can submit proof that, in fact, diversity is lacking." *GBForefront*, 888 F.3d at 35. "The defendant has the initial burden of production to raise a factual challenge," but "[o]nce a factual challenge has been raised, the plaintiff then has the burden of proof to establish diversity jurisdiction by a preponderance of the evidence." *Id.*

Plaintiff's complaint lists her state of residency as Pennsylvania, gives a Massachusetts address for Defendant Barbetti, and provides no address for Defendant Citizens Bank. In their summary judgment motion, Defendants assert that, in fact, they are both residents of Pennsylvania: Defendant Barbetti provided an affidavit stating that she is a resident of Pennsylvania and has been for many years; Defendant Citizens Bank is incorporated in Pennsylvania with its principal place of business in Pennsylvania. Plaintiff does not respond to these jurisdictional assertions in her opposition to Defendants' motion. Because Defendants

2

have provided evidence that all parties are residents of Pennsylvania, and because Plaintiff has not provided any proof to rebut this assertion, Plaintiff has not met her burden of proof to establish that diversity among the parties exists. *Id.*

In the absence federal question or diversity jurisdiction, this action must be dismissed for lack of subject matter jurisdiction.

May 29, 2019

BY THE COURT:

_____
WENDY BEETLESTONE, J.